IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAQUANTA GRANT, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv386-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by LaQuanta Grant ("Grant") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I. INTRODUCTION**

On June 15, 2011, Grant pled guilty under a plea agreement to one count of conspiring to defraud the government in violation of 18 U.S.C. § 286. Following a sentencing hearing on September 7, 2011, the district court sentenced Grant to 33 months in prison. Grant's plea agreement contained a waiver provision whereby she relinquished the right to appeal or collaterally attack her conviction or sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. She took no direct appeal.

On April 20, 2012, Grant filed this § 2255 motion, asserting that her trial counsel rendered ineffective assistance by (a) allowing her to plead guilty under a plea agreement holding her accountable for the loss amount of the conspiracy as a whole, (b) advising her to "ignore" the loss amount stipulated in the plea agreement, and (c) failing to argue at

sentencing that she should not be held accountable for the total loss amount. Doc. No. 1 at 4-8.[1] After reviewing the § 2255 motion, the supporting and opposing submissions, and the record, the court finds an evidentiary hearing is not required and that the § 2255 motion should be denied. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II.  DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

---

[1] Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action. References to exhibits ("Ex.") are to exhibits filed by the Government with its response, Doc. No. 8. All page references are to those assigned by CM/ECF.

**B.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Id.* at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

***1.     Plea Agreement Holding Grant Accountable for Loss Amount of Conspiracy as Whole***

Grant contends her trial counsel, J. Carleton Taylor, rendered ineffective assistance of counsel by allowing her to plead guilty under a plea agreement holding her accountable for the loss amount of the conspiracy as a whole. Doc. No. 1 at 4-5.

The charges against Grant stemmed from her extended involvement in a large-scale conspiracy to use stolen identities to file fraudulent tax returns. *See* Presentence

Investigation Report ("PSI") at pp. 8-10; *also* Ex. 2 (Plea Agreement) at 9-11. The PSI found the tax loss suffered by the IRS from the conspiracy was over $3.1 million and that this full loss was attributable to Grant as relevant conduct. PSI at p. 11, ¶ 37.

The plea agreement stated that because Grant was accountable for a loss amount of between $2.5 million and $7 million, her base offense level with offense-characteristic adjustment was 24 under the Sentencing Guidelines (*see* U.S.S.G. §§ 2B1.1(a)(2) and 2B1.1(b)(1)(J));[2] that Grant was entitled to a two-level reduction for her role in the offense (*see* U.S.S.G. § 3B1.2(b)); that she was entitled to a two-level reduction for acceptance of responsibility (*see* U.S.S.G. § 3E1.1(a)); and that she could receive an additional one-level reduction, under certain conditions, at the Government's discretion (*see* U.S.S.G. § 3E1.1(b)). Ex. 2 at 2-3. Grant specifically acknowledged in the plea agreement that these Sentencing Guidelines applications in her case were correct. *Id*. at 4.

The plea agreement further provided:

> The Defendant understands that, pursuant to 18 U.S.C. § 3663A(c)(1), restitution is mandatory for the offense to which she is pleading guilty. *The Defendant agrees that her liability for restitution is $2,326,738.08 and that the total amount of restitution reflected in this agreement results from the Defendant's fraudulent conduct and the conduct of co-conspirators. The Defendant agrees to pay this amount of restitution to the IRS and consents to the entry of an order of restitution against her*. The Government will not oppose the liability being joint and several with any others who may be found liable because of their involvement in the same conspiracy described in the factual basis of this agreement.

---

[2] The Sentencing Guidelines provide for a base offense level of 6 for certain fraud-related crimes. U.S.S.G. § 2B1.1(a)(2). If the fraud caused a loss of between $2.5 million and $7 million, the offense level increases by 18. U.S.S.G. § 2B1.1(b)(1)(J).

Ex. 2 at 4-5 (emphasis added).

At sentencing, the district court ordered Grant to pay restitution in the amount of $2,326,738.08, jointly and severally with her coconspirators. *See* Case No. 2:10cr242-MEF, Doc. No. 244 at 5-7.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). It falls upon a petitioner alleging ineffective assistance in this context to establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Id.* at 59. To establish prejudice under the *Hill* test, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded [not] guilty and would . . . have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990).

In *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012), the Supreme Court clarified that the *Strickland* standard for ineffective assistance of counsel claims extends to the negotiation and consideration of plea offers that lapse or are rejected. *See Frye*, 132 S. Ct. at 1404-08; *see also Lafler*, 132

5

S. Ct. at 1384. The Supreme Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and that, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 132 S. Ct. at 1408. The Court also held that, in order to show prejudice under *Strickland*'s two-part test, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; and (2) the plea would have resulted in a lesser charge or a lower sentence.[3] *Id.* at 1409; *see also Lafler*, 132 S. Ct. at 1391.

Nowhere in her motion does Grant forthrightly assert that, but for her counsel's allegedly deficient performance, she would not have pled guilty and would instead have insisted on going to trial. *See Hill*, 474 U.S. at 59. Indeed, nowhere does she contest her guilt or suggest she did not wish to plead guilty. The essence of her complaint is that she did not receive a plea deal as favorable as she had hoped for. However, her allegations come up short under the *Frye/Lafler* test. She alleges no facts that would suggest the Government offered another plea deal, or was willing to offer a plea deal more favorable than the one she accepted, or that her counsel could have successfully negotiated a more favorable plea agreement. Because of this failure to allege prejudice adequately, her ineffective-assistance

---

[3] The Court in *Frye* reaffirmed the essential holding of *Hill*. *Frye*, 132 S. Ct. at 1409 ("*Hill* was correctly decided and applies in the context in which it arose."). *Hill* applies where a petitioner claims counsel's ineffectiveness caused the petitioner to plead guilty instead of proceeding to trial. *Frye* and *Lafler* apply where a petitioner claims counsel's ineffectiveness caused the petitioner's nonacceptance of a plea offer and further proceedings led to a less favorable outcome. *See Colon v. United States*, 2014 WL 414213, at *2 (N.D. Ga. Feb. 3, 2014).

claim lacks any colorable merit. "To support a claim of ineffective assistance of counsel, a defendant must offer more than mere hope or speculation." *United States v. Morales,* 2014 WL 1653702, at *8 (E.D. Ky. Apr. 24, 2014). Consequently, Grant is not entitled to any relief based on this allegation of ineffective assistance of counsel.

### 2. *Advice to Ignore Loss Amount Stipulated in Plea Agreement*

Grant claims Taylor rendered ineffective assistance of counsel by advising her to "ignore" the loss amount stipulated in the plea agreement. Doc. No. 1 at 6.

In an affidavit addressing this claim, Taylor avers that at no time did he advise Grant to ignore or disregard any monetary amounts of loss stipulated in the plea agreement and that he fully advised Grant on the potential sentencing range based on the monetary loss to which she would enter her plea. Doc. No. 7 at 2-3.

The written plea agreement, signed by Grant, contains Grant's acknowledgment that her guilty plea was not induced by any promises apart from those in the plea agreement. Ex. 2 at 12. As already noted, Grant does not assert that the allegedly deficient performance of her counsel caused her to plead guilty instead of insisting on going to trial. *See Hill*, 474 U.S. at 59. Grant therefore fails to allege prejudice adequately. Consequently, she is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 3. *Failure to Argue Grant Should Not Be Accountable for Total Loss Amount*

Grant contends Taylor rendered ineffective assistance of counsel by failing to argue at sentencing that she should not be held accountable for the total loss amount. Doc. No. 1

at 8.  However, the plea agreement plainly stated Grant was accountable for the total loss amount.  Ex. 2 at 4.  There was no basis for Taylor to argue at sentencing against a clear provision of the plea agreement.  As the Government observes, had Taylor so argued, he would have been urging that the plea agreement be breached.  *See* Doc. No. 8 at 4.  Further, there is nothing in the record to suggest that such an argument by counsel would have succeeded.  Grant is not entitled to any relief based on this claim of ineffective assistance of counsel.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Grant be DENIED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 26, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of November, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE